IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-59-NJR |
| ) | |
| ) | |
| STAFF AT USP MARION and ) | |
| FBOP STAFF, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Braun Thompson, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at United States Penitentiary–Marion, Illinois ("USP–Marion"), filed this action invoking *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint (Doc. 1), Thompson alleges that staff refused to wear masks during a Covid-19 outbreak and he was physically assaulted by an unknown officer.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

In his Complaint (Doc. 1), Thompson makes the following allegations: In November 2020, he transferred to cellblock D at USP-Marion, in a single-man cell. He noticed that staff refused to wear masks, despite "legal requirements" to wear them (*Id.* at p. 7). Staff also ignored any questions or complaints about their lack of masks (*Id.*). He was not able to grieve the issue because the Unit Team was unavailable (*Id.*). Within two weeks of transferring, half of his cellblock contracted Covid-19, including Thompson (*Id.*). He blames this on the lack of masks being worn (*Id.*). Staff later began wearing masks (*Id.*).

In December 2020, after there were no more active Covid-19 cases, staff again refused to wear masks (Doc. 1, p. 7). Thompson filed complaints through the DOJ/Sexual Abuse emergency complaint system and asked that the requests be forwarded to the Warden, Region Office, FBI, and Washington, D.C. (*Id.*). On January 5, 2021, he went to the Special Housing Unit ("SHU") entrance and asked to check into the SHU in protest to the staff refusing to wear masks and to remove himself from the threat of re-exposure (*Id.*). He was ignored, and when he went to the lieutenant's office, he was refused admittance into the SHU. He presented himself again to the SHU entrance on January 6, 2021, but was again ignored. He informed staff of the situation but again was refused entrance (*Id.*).

On January 6, 2021, Thompson was assaulted by an unknown staff member (*Id.* at p. 8). He believes his name is Westbrook. While at the SHU entrance, the officer asked Thompson why he was standing there. The officer then told Thompson that he could not

check into the SHU (*Id.*). Thompson insisted he could check in, but the officer charged him and physically intimidated Thompson (*Id.*). He threatened to physically force Thompson to leave the area in front of the SHU (*Id.*). Thompson threatened to sue and walked away (*Id.*). The officer then charged him from behind and dragged/force marched Thompson back to his cellblock (*Id.*).

## Discussion

There are a number of issues with Thompson's Complaint. He only lists "USP-Marion Staff" and "FBOP Staff" in the caption of his Complaint. Although he identified a John Doe Officer who allegedly used excessive force against him, he fails to include that individual in the caption of his Complaint. In order to state a claim, Thompson must state plausible allegations against *individuals*, and these individuals must be listed in the case caption. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption"). Although Thompson may sue unknown defendants (i.e. John Doe #1, John Doe #2, etc.), his claim against "staff" is too generic to survive threshold review because he does not describe the "staff" he is suing or even state the number of them.

In an Amended Complaint, to state a viable claim, Thompson would need to identify the individuals he is suing (even by John Doe designation) and describe them to the best of his abilities. Further, as to his potential excessive force claim, he identifies an Officer Westbrook but fails to identify him as a defendant in the caption or anywhere else

3

as a defendant. As there are no defendants identified in reference to his excessive force claim, it is **DISMISSED without prejudice**.

In addition to the issue with identifying defendants, Thompson also fails to indicate what type of claim he seeks to allege. He alleges that staff failed to wear masks during a Covid-19 outbreak. He also alleges that he caught Covid-19. But it is not clear to the Court whether Thompson is pursuing a claim for denial of medical care related to his exposure to Covid-19 or a claim for unconstitutional living conditions based on the lack of mask wearing, or both. The allegations are simply too vague and ambiguous.

The distinction as to the nature of his claim is an important one. In *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017), the Supreme Court explained that federal courts should not expand a remedy under *Bivens* into contexts not already officially recognized by the Supreme Court, unless certain "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. The Court cited three instances in which a *Bivens* remedy has been recognized against federal officials: (1) Fourth Amendment claims involving unlawful searches and seizures; (2) Fifth Amendment due process claims involving gender discrimination; and (3) Eighth Amendment claims for inadequate medical treatment. *Id*. at 1854-55 (citations omitted). In a case such as Thompson's, a claim against federal officials for money damages arising from the denial of medical care for Covid-19 would most likely proceed post-*Abbasi*, but a claim against federal agents for money damages based on unconstitutional living conditions may represent an expansion of the *Bivens* remedy that is not authorized post-*Abbasi*, unless special factors counsel otherwise. Without basic factual allegations describing the exact nature of Thompson's claim, the Court simply cannot tell whether

4

his claim can proceed. Further, to the extent he alleges staff failed to follow presidential orders and legislative instructions, the failure to follow such "orders" and "instructions" does not necessarily amount to a constitutional violation.

Accordingly, the Complaint is **DISMISSED without prejudice**. Thompson will have an opportunity to file a First Amended Complaint if he wishes to pursue his claims. If he chooses to do so, Thompson must comply with the instructions and deadlines set forth below.

## Disposition

For the reasons stated above, Thompson's Complaint is **DISMISSED without prejudice** for failure to state a claim. He is **GRANTED** leave to file a "First Amended Complaint" on or before **June 14, 2022**. Should he fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Thompson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Thompson must re-file any exhibits he wishes the Court

5

to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Thompson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Thompson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and no later than **seven days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  May 17, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**