IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRAUN THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 22-cv-59-NJR |
| ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Braun Thompson, an inmate of the Federal Bureau of Prisons who is currently incarcerated at U.S. Penitentiary - Marion ("USP – Marion"), originally brought this action for deprivation of his constitutional rights pursuant *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). His original Complaint (Doc. 1) was dismissed without prejudice for failure to state a viable *Bivens* claim. He was granted leave to amend. On July 5, 2022, he filed an Amended Complaint (Doc. 21). He subsequently asked to hold the case in abeyance while he exhausted his administrative remedies and determined whether to proceed with a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq*. The Court denied his motion.

On October 17, 2022, Thompson filed a motion to submit a final Amended Complaint (Doc. 26). The Court **GRANTS** the motion to amend (Doc. 26) and **DIRECTS** the Clerk of Court to file the Amended Complaint on the docket. In the Amended

1

Complaint, Thompson alleges that a correctional officer at USP – Marion used excessive force on him.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## **The Amended Complaint**

In his Amended Complaint, Thompson makes the following allegations: In November 2020, during the Covid-19 pandemic, Thompson experienced staff refusing to wear masks. He eventually caught Covid-19 but, after recovering, became concerned with the staff's continued refusal to wear masks. As a result, he sought to check himself into the Special Housing Unit ("SHU") in order to remove himself from possible exposure to Covid-19.

On January 6, 2021, he approached the SHU entrance and requested to "check-in" to the SHU. The guard, later identified as Westbrook, told Thompson he could not check-in to the SHU and the two argued. Westbrook tried to intimidate Thompson and physically charged at him, ordering him back to his cellblock. Thompson threatened to file a lawsuit against him and turned to leave, but Westbrook grabbed him and pushed Thompson away from the SHU. Thompson alleges that this caused him pain because he uses a crutch for a back condition and Westbrook grabbed the side that he uses the crutch

2

on, making it difficult for him to walk. He was forced to hobble awkwardly, twisting and turning, which caused extreme pain in his back. Westbrook forced him back to his cellblock and locked him in his cell despite his cellblock being on open-cell time.

## Discussion

Based on the allegations in the Amended Complaint, the Court designates the following count:

> **Count 1:** FTCA claim against the United States for the assault by Officer Westbrook.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[1]

The FTCA permits a tort suit against the United States where injury to person or property is "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b). In passing the FTCA, Congress waived the U.S. government's sovereign immunity to suit for a broad range of the tortious conduct of its employees. But the FTCA provides a limited waiver of the United States' sovereign immunity. *Millbrook v. United States*, 133 S. Ct. 1441 (2013). Exceptions to this waiver appear in Section 2680(h) and

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

include "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights" unless committed by a law enforcement officer. 28 U.S.C. § 2680(h). In this case, without further briefing, it is not clear whether the correctional officer involved in the assault of Thompson was a law enforcement officer for purposes of the FTCA. *See Millbrook*, 133 S.Ct. 1441 (allowing an assault claim against correctional officers to proceed). Thus, at this time, the Court will allow the claim to proceed for further briefing on the issue.

## Disposition

For the reasons stated above, Count 1 shall proceed against the United States. All other defendants are **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to complete, on Thompson's behalf, a summons for service of process on the **United States**; the Clerk shall issue the completed summons. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Amended Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Amended Complaint, and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section

4

1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Thompson, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Thompson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **seven days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED: December 5, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Amended Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**