IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BRAUN THOMPSON,

          **Plaintiff,**

v.

                                             **Case No. 22-cv-59-NJR**

UNITED STATES OF AMERICA,

          **Defendant.**

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Braun Thompson, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at U.S. Penitentiary – Marion, IL ("USP – Marion"), brings this action for deprivation of his rights pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq.* He was allowed to proceed on a single count for an alleged assault at USP – Marion by Officer Westbrook (Docs. 27, 28). The United States now seeks summary judgment, arguing that Thompson failed to exhaust his administrative remedies prior to filing suit (Doc. 39).

In response to the motion for summary judgment, Thompson filed a motion for discovery (Doc. 41). He also filed several pleadings regarding his access to legal materials in the law library at USP – Marion (Docs. 43, 45). The United States filed responses to Thompson's motion for discovery (Doc. 42) and his filings regarding access to the law library (Doc. 44).

### A. Motion to Complete Discovery

Thompson's motion argues that the United States's initial disclosures were opened and incomplete. Thompson argues that the packet was not labeled or processed as "legal mail" and was processed outside of his presence. He indicates that he is unable to determine if all the materials are present in the packet. He also takes issue with the lack of some materials, which Thompson alleges should have been produced. These include (1) emails to the Department of Justice ("DOJ") hotline, (2) Attorney General emails to prisoners in February or March 2021 regarding the use of the hotline complaint system, (3) letters Thompson sent to the Attorney General, (4) USP – Marion mail logs, (5) U.S. Postal Service mail records related to those letters, and (6) evidence of actions taken by the Attorney General in response to those letters (Doc. 41, pp. 1-2). He also seeks the acknowledgement of camera records of the alleged assault and medical related emails. Thompson argues that the documents are relevant and necessary to respond to the United States's motion for summary judgment on the issue of exhaustion.

Simply put, there is no evidence to suggest that any documents were missing from the United States's production, even though the packet was opened outside of his presence. The United States, in response to Thompson's motion, indicates that it produced 180-pages of discovery and that none of the documents Thompson now seeks were part of that production (Doc. 42, p. 2). To the extent that Thompson now seeks this additional information, the Court **DENIES** that request. Defendants have submitted certified mail tracking slips with their motion, which Thompson should now have a copy of in his possession (Doc. 39-4). Further, to the extent that Thompson seeks camera

Page 2 of 5

footage or medical-related emails, those documents pertain to the merits of Thompson's claim. Discovery is currently limited to the issue of whether Thompson exhausted his administrative remedies (*See* Doc. 38). To the extent Thompson seeks emails to the DOJ hotline, records from the Attorney General's Office regarding those emails and certified letters that Thompson sent regarding his claims, and evidence of the Attorney General's action in response to those submissions, the Court does not find those documents to be relevant to the issue of whether Thompson exhausted his FTCA claim.

The FTCA itself provides that claims for monetary relief against the United States are prohibited unless administrative remedies are exhausted first. *See* 28 U.S.C. § 2675(a). "To exhaust administrative remedies, the plaintiff must 'have first presented the claim to the appropriate Federal agency,' ... so that the agency has an opportunity to meaningfully consider and address the claim prior to suit." *Chronis v. United States*, 932 F.3d 544, 546 (7th Cir. 2019) (quoting 28 U.S.C. § 2675(a)). Presentation of a claim occurs "when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 28 C.F.R. § 14.2(a); *Chronis*, 932 F.3d at 546. The claim must include: "(1) notification of the incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant." *Chronis*, 932 F.3d at 547. Failure to exhaust administrative remedies prior to bringing an FTCA suit mandates dismissal in favor of the United States, because exhaustion is a prerequisite to suit. *Glade v. United States*, 692 F.3d 718, 723 (7th Cir. 2012).

For individuals in BOP custody, the formal administrative remedy process

requires that the claim be either mailed or delivered "to the regional office in the region where the claim occurred." 28 C.F.R. § 543.13(c). After investigation, the BOP's Regional Counsel, or his or her designee, will issue a decision. 28 C.F.R. § 543.32(c)-(d). If the inmate is dissatisfied with the outcome at the regional office level, he may request reconsideration by the BOP. 28 C.F.R. § 543.32(g). The BOP's decision is considered the final agency action. If the inmate is dissatisfied with that decision, he may file a FTCA lawsuit in the district court. 28 C.F.R. § 543.32(g). If the inmate does not receive a response within six months, the claim is deemed denied, and the inmate may proceed to file a lawsuit without pursuing further administrative action. 28 C.F.R. § 543.32(i).

Thompson does not seek any documents which are relevant to the issue of whether he properly exhausted his FTCA claim prior to filing suit. Although he argues that there was an email to prisoners in 2021 telling them to use the DOJ hotline for complaints others than sexual abuse complaints, he does not argue that such a filing with the DOJ hotline constituted an exhaustion of his administrative remedies. To the extent he wishes to make such an argument, he may raise that argument in response to the United States's summary judgment motion. The Court does not find this email or any emails Thompson sent to the DOJ hotline to be relevant to the issue of exhaustion. Thompson's motion on discovery (Doc. 41) is **DENIED**.

## B.  Library Access

In addition to his motion regarding discovery, Thompson filed two "briefs" regarding his access to materials in the prison law library (Docs. 43, 45). Thompson acknowledges that he has access to the prison law library but argues that the library

contains only electronic sources, including a LexisNexis program. He complains about the lack of physical research books in the library, arguing that he lacks the knowledge to properly utilize electronic resources. In a subsequent filing (Doc. 45), Thompson acknowledged that the prison library recently obtained a prisoner law clerk, although he disputed the United States's contention that the prison previously had legal help for inmates in the library. Nonetheless, the Court does not find that extensive legal research is necessary in order to respond to the pending dispositive motion. Thompson need only file a response indicating what steps he took to exhaust his FTCA claim or, if he was unable to exhaust his remedies, what steps in the process were unavailable to him. Thompson has included some argument regarding his ability to exhaust his claim in his subsequent brief on access to the law library (Doc. 45). The Court finds him capable of filing a response without additional access to physical law books. Thus, any request related to Thompson's access to the law library is **DENIED**. Thompson is **GRANTED** an extension of time, up to and including **November 20, 2023**, to file a formal response to the motion for summary judgment on the issue of exhaustion (Doc. 39).

      **IT IS SO ORDERED.**

      **DATED:   October 20, 2023**

                                          *s/ Nancy J. Rosenstengel*
                                          **NANCY J. ROSENSTENGEL**
                                          **Chief U.S. District Judge**