IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRAUN THOMPSON,** | |
| **Plaintiff,** | |
| v. | Case No. 22-cv-59-NJR |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Braun Thompson, an inmate of the Federal Bureau of Prisons ("BOP") who is currently incarcerated at U.S. Penitentiary – Marion, IL ("USP – Marion"), brings this action for deprivations of his rights pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, *et seq*. The United States filed a motion for summary judgment, arguing that Thompson failed to exhaust his administrative remedies prior to filing suit (Doc. 39). Instead of responding, Thompson filed a motion for discovery (Doc. 41) and other pleadings regarding his access to the law library and legal materials (Docs. 43, 45).

On October 20, 2023, the Court entered an Order denying Thompson's motions (Doc. 46). The Court found that the discovery production by the United States was in compliance with the Court's scheduling order, and Thompson failed to show a need for additional information (*Id*. at p. 2). Further, the Court found that extensive library time and research was not needed to respond to the pending motion because the issue

Page 1 of 4

regarding the steps Thompson took to exhaust his claims did not require additional research. Instead, Thompson was granted an extension of time, up to November 20, 2023, to file a formal response to the pending motion (*Id*. at p. 5).

On November 20, 2023, Thompson filed a response to the Court's Order (Doc. 47). Instead of responding to the pending motion for summary judgment, Thompson took issue with the Court's statements about his access to the prison law library. He contends that the prison lacks a "main law library" (*Id*. at p. 1). He also takes issue with the denial of his discovery requests (*Id*. at pp. 1-2). Thompson also recently filed a motion for status and request for interlocutory appeal (Doc. 48).[1]

Although not labeled a motion to reconsider, Thompson takes issue with the Court's prior ruling. A motion to alter or amend judgment filed pursuant to Federal Rule of Civil Procedure 59(e) may only be granted if a movant shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously. *Matter of Prince*, 85 F.3d 314, 324 (7th Cir. 1996), *reh'g and suggestion for reh'g en blanc denied, cert. denied* 519 U.S. 1040; *Deutsch v. Burlington N. R. Co.*, 983 F.2d 741 (7th Cir. 1993). "'[M]anifest error' is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal citations omitted). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). Rule 60(b) allows a

---

[1] Thompson initially filed his motion for status with the Seventh Circuit Court of Appeals, but the motion was forwarded for filing in this case.

court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). There is a strong presumption that an earlier ruling should not be revisited "absent a compelling reason, such as manifest error or a change in the law." *Tyrer v. City of South Beloit*, 516 F.3d 659, 663 (7th Cir. 2008). *See also* FED. R. CIV. P. 54(b) ("any order or other decision…that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment").

Here, Thompson fails to meet any standard for reconsideration of the Court's prior Order. Although he contends that the Court was mistaken or lied about Thompson's access to the prison law library—or what constitutes adequate access to the law library— the Court noted that Thompson did not need such access because he is capable of explaining the steps he took to exhaust his claims. To the extent that he argues that he needs certain documents to determine the formal administrative remedy process, the United States set forth that process in their attachments. To the extent Thompson believes that there were other avenues of exhaustion which he took, he may explain those steps in a formal response. Thus, the Court does not find that the prior ruling was a manifest error of law or that there are any changed circumstances warranting reconsideration.

Further, to the extent Thompson seeks to submit an interlocutory appeal of the Court's Order regarding access to the law library and specific documents, Thompson fails to offer an adequate basis for such an appeal. *See* 28 U.S.C. § 1292(a) and (b). Accordingly, Thompson's motion for status and appeal (Doc. 48) is also **DENIED**.

Thompson's response also discusses some of the steps he took to exhaust his claims, but it is not clear whether he intended it to be a formal response. To the extent that Thompson wishes to file a formal response to the pending summary judgment motion, the Court **RESETS** the response deadline for **January 19, 2024**. **No further extensions will be granted**.

IT IS SO ORDERED.

DATED:   December 19, 2023

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**