IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRAUN THOMPSON,** | |
| Plaintiff, | |
| v. | Case No. 22-cv-59-NJR |
| **UNITED STATES OF AMERICA,** | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Braun Thompson, an inmate of the Federal Bureau of Prisons who is currently incarcerated at U.S. Penitentiary – Marion ("USP – Marion"), originally brought this action for deprivation of his constitutional rights pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (*See* Doc. 1). Thompson later amended his pleading to proceed solely on a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, 28 U.S.C. § 2671, *et seq*. (Doc. 28).

The United States has now moved for summary judgment, arguing that Thompson failed to exhaust his administrative remedies prior to filing his lawsuit. (Doc. 39). Thompson filed a response in opposition to the motion (Doc. 50).

### BACKGROUND

**A. Procedural History**

On January 13, 2022, Thompson filed his Complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), for actions taken by staff at USP-Marion

during the Covid-19 pandemic (Doc. 1). He alleged "staff at USP – Marion" and "BOP staff" refused to wear masks during an outbreak of Covid-19 at the prison. He also alleged that an unknown staff member, possibly named Officer Westbrook, assaulted him (*Id.*). On May 17, 2022, the Court dismissed Thompson's Complaint without prejudice because he sued only generic groups of unknown officials (Doc. 14). Thompson was granted leave to file a First Amended Complaint (*Id.* at p. 5).

On June 9, 2022, Thompson filed a motion to submit a First Amended Complaint, which consisted of one page of amended facts (Doc. 17). The motion was denied because the pleading appeared to be a piecemeal attempt to amend the Complaint and could not stand on its own as an Amended Complaint (Doc. 18). On June 21, 2022, Thompson filed a second motion for leave to file which the Court again denied as a piecemeal attempt to amend his original Complaint (Docs. 19, 20). The Court directed Thompson to file his Amended Complaint by July 12, 2022.

On July 5, 2022, Thompson filed an Amended Complaint (Doc. 21). Before the Court conducted a review of the Complaint pursuant to 28 U.S.C. §1915A, Thompson filed a motion for abeyance asking that his case be stayed while he finished exhausting his administrative remedies (Doc. 22). He stated that he had only recently learned the meaning of "administrative remedy" as to his FTCA claim and was in the process of exhausting the claim (*Id.* at p. 1). Thompson noted he had previously contacted the "upper administrative levels" about his claim but had not yet sought compensation under the FTCA from the proper officials. He stated that he was in the process of filing requests with the BOP director and Attorney General. He requested that the Court stay

his case until those requests were completed (*Id.*). Thompson acknowledged that he could not move forward on any case until he exhausted his administrative remedies (*Id.*).

On September 13, 2022, the Court denied Thompson's motion to stay his claims, noting that the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires an inmate to exhaust his administrative remedies *before* filing suit (Doc. 23). Thompson was instructed to notify the Court whether he would continue to pursue his *Bivens* claims, file an Amended Complaint to pursue a FTCA claim, or dismiss his claims in order to pursue his claims through the administrative process, as required by both the PLRA and FTCA.

On October 17, 2022, Thompson filed his motion for leave to file his Final Amended Complaint (Doc. 26) pursuant to the FTCA for the assault by Officer Westbrook (Doc. 28). Thompson's Final Amended Complaint alleged that in November 2020, during the Covid-19 pandemic, staff at USP – Marion refused to wear masks to stop the spread of the illness (Doc. 27, p. 2). Thompson tried to check into the Special Housing Unit ("SHU") in order to avoid exposure to Covid-19 (*Id.*). On January 6, 2021, he approached the SHU and asked to check-in. Officer Westbrook told Thompson that he could not enter the unit and the two argued outside the SHU entrance (*Id.*). Westbrook directed Thompson back to his cell and then physically charged at Thompson. He then grabbed Thompson and pushed him away from the SHU (*Id.*). He grabbed Thompson's crutch and forced Thompson back to his cellblock (*Id.* at pp. 2-3).

On December 5, 2022, the Court conducted a review of Thompson's Final Amended Complaint pursuant to 28 U.S.C. § 1915A and allowed Thompson to pursue a single count against the United States under the FTCA for the assault by Westbrook (*Id.*

at p. 3).

### B. Thompson's Filings Regarding Exhaustion

#### 1. Motion for Abeyance

Thompson addressed the exhaustion of his claims in numerous filings before the Court. In his September 2022 motion for abeyance (Doc. 22), Thompson specifically stated that he had not yet exhausted his FTCA claim. Thompson stated that he only recently learned of the requirements for bringing an FTCA claim, including the meaning of pursuing an "administrative remedy" (Doc. 22, p. 1). He noted that he contacted "upper administrative level" officials about his claims and did not receive a response. He acknowledged, however, that he did not specifically file a request pursuant to the FTCA or request compensation from any official for his claims. He stated that he "may not have completely exhausted [his] administrative remedy" and sought additional time to complete the administrative process (*Id.*). Thompson noted that he was in the process of filing requests to both the BOP Director and the Department of Justice ("DOJ")/Attorney General, specifically addressing his FTCA claim and request for compensation (*Id.*).

#### 2. Final Amended Complaint

Thompson also attached a letter entitled "missive" to his Final Amended Complaint (Doc. 28, pp. 4-7). The letter, dated August 2022, is directed to both the BOP Director and the Attorney General of the United Sates (*Id.*). It purports to be a tort claim complaint regarding three separate incidents which occurred at USP – Marion, including the alleged assault by Officer Westbrook (*Id.* at pp. 4-7). After the alleged assault, Thompson stated that he emailed the Department of Justice Office of the Inspector

General ("DOJ OIG") (*Id*. at p. 7). He later submitted a letter by certified legal mail to the Attorney General of the United States (*Id*.). He alleged that he was later approached by an individual claiming to be investigating the situation but never heard the outcome of the investigation. He wrote a second letter to the Attorney General of the United States but never received a response (*Id*.).

    3.  *Response to United States's Answer*

Thompson later filed a response to the Answer filed by the United States that also addressed the issue of exhaustion (Doc. 37). Thompson stated that he initially utilized the emergency complaint e-mail system about his reasons for seeking access to the SHU (*Id*. at p. 5). He noted that staff members did not make rounds during this time, and he was unable to access BOP administrative remedy forms (*Id*.). He also submitted complaints to the Attorney General and DOJ OIG. Thompson stated that his allegations could be verified by contacting the OIG and Attorney General for the records of his communications (*Id*. at p. 2). Thompson stated that he submitted a "complaint" to the Attorney General through the United States Postal Service ("USPS") in March 2021 (*Id*. at p. 3). He identified the certified tracking number as #7020 3160 0001 1559 1719. On May 7, 2021, he sent a second complaint via U.S. postage with the tracking number # 7021 0350 0000 6940 6137. Thompson indicated that both complaints arrived at the Attorney General's Office (*Id*.). Thompson also stated that he filed a "Tort Claim Complaint" the first week of September 2022 to the Attorney General by certified mail (*Id*. at p. 4). He identified the tracking number as # 7021 2720 0001 8200 6121 (*Id*.). He sent an identical complaint to the Director of the BOP, although no tracking number was provided for that

mailing (*Id.*).

C. **Motion for Summary Judgment**

The United States argues that Thompson failed to properly exhaust his administrative remedies for his FTCA claim. Jarad Herbig, a paralegal specialist with the BOP's North Central Regional Office, attested in an affidavit that an individual pursuing an FTCA claim must file an administrative claim with the regional office in which the claim occurred (Doc. 39-1, p. 3). If the claim includes all of the required information for processing, the claimant will receive an acknowledgement letter with the filing date and claim number (*Id.*). If the claimant fails to receive a proposal of settlement or denial of the claim within six months of the receipt of the claim, then the claim is presumed denied (*Id.*). Herbig reviewed the records maintained by BOP related to administrative claims filed pursuant to the FTCA and determined that the BOP never received an administrative tort claim from Thompson (*Id.* at p. 5). Similarly, Elijah F. Jenkins, supervisory technical support specialist for the DOJ, submitted an affidavit stating that the Civil Division of the DOJ (who handles all administrative tort claims except for those directed to activities of certain departments) never received an administrative claim from Thompson (Doc. 39-2).[1]

In response, Thompson argues that all administrative remedies were unavailable to him. He argues, without citing to any legal authority for his argument, that any effort

---

[1] Those departments include: Federal Bureau of Investigation, Federal Bureau of Prisons, Federal Prisons Industries, United States Marshals Service, Drug Enforcement Administration, and the Bureau of Alcohol, Tobacco, Firearms and Explosives (Doc. 39-2, p. 2).

to submit a request for relief to any designated authority who can grant relief is considered an effort to exhaust an administrative remedy (Doc. 50, p. 2). He argues that the department with ultimate administrative authority over his claims was the Attorney General because the BOP is subservient to the DOJ and Attorney General. Thompson argues that he sought to file complaints with the Attorney General, and his efforts should constitute an attempt at exhausting his administrative remedies (*Id.*). He alleges that he filed formal letters of complaint regarding the assault by Officer Westbrook (*Id.*).

Thompson also argues that he exhausted all remedies that were available to him (*Id.* at p. 3). He argues that he could only exhaust those remedies that he had meaningful awareness of and access to at the time his claims arose—the avenues the government informed him about or those for which he had a basic understanding (*Id.*). He argues that the prison handbook and orientation classes only referred to forms BP-8, BP-9, BP-10, and BP-11, which are for internal BOP administrative relief. And he notes that he did not have access to a "main law library" where he could access information about the FTCA and its requirements (*Id.* at pp. 4-5). Simply put, Thompson argues that administrative remedies were unavailable as to his claim under the FTCA.

## LEGAL STANDARDS

"Summary judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendant is] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson*

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

The FTCA states that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property…caused by the negligent or wrongful act or omission of any employee of the Government…unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). The exhaustion requirement under the FTCA is a "condition precedent to the plaintiff's ability to prevail." *Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014) (quoting *Kanar v. United States*, 118 F.3d 527, 530 (7th Cir. 1997)). "In waiving its sovereign immunity and consenting to suit under the FTCA, the government may require that certain conditions be met prior to the filing of a complaint, such as the completion of a [tort claim form]." *Ward v. United States*, 1 F. App'x 511, 513 (7th Cir. 2001). The purpose of exhaustion under the FTCA is "to provide the government with sufficient notice to investigate the claim and prepare for settlement negotiations." *Ward*, 1 F. App'x at 514 (citing *Charlton v. United States*, 743 F.2d 557, 559-60 (7th Cir. 1984)).

To exhaust administrative remedies for claims brought under the FTCA, an inmate must follow the process set forth in 28 C.F.R. § 543.30 *et seq.*, which directs an inmate to file a claim "with the appropriate Federal agency for administrative action." 28 C.F.R. § 543.30. For an inmate in the custody of the BOP, exhaustion begins with filing an administrative tort claim with the BOP Regional Office of the region where the claim occurred, 28 C.F.R. § 543.31(c), not the inmate's institution of incarceration. To adequately

present a claim to the Regional Office, an inmate must submit "an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain …; and the title or legal capacity of the person signing." 28 C.F.R. §14.2(a). *See also Chronis v. United States*, 932 F.3d 544, 547 (7th Cir. 2019) (Presentment of a claim requires "four elements: (1) notification of the incident; (2) demand for a sum certain; (3) title or capacity of the person signing; and (4) evidence of the person's authority to represent the claimant."). Failing to include one of the elements of a proper claim is "only fatal if it can be said to have 'hindered' or 'thwarted' the settlement process 'that Congress created as a prelude to litigation.'" *Smoke Shop, LLC*, 761 F.3d at 787 (quoting *Kanar*, 118 F.3d at 531).

If the tort claim contains all necessary information, the inmate should receive an acknowledgment letter notifying the inmate of the Regional Office's receipt of the claim. 28 C.F.R. § 543.32(a). After an investigation has been completed, the BOP's Regional Counsel will issue a decision, either offering a settlement or denying an inmate's claim. 28 C.F.R. § 543.32(c)-(d). If the inmate is dissatisfied with the decision, he may request reconsideration by the BOP. 28 C.F.R. § 543.32(f). The BOP's decision is considered the final agency action, and after receipt of the decision, an inmate may file an FTCA lawsuit in the district court. 28 C.F.R. § 543.32(f). If an inmate fails to receive any response within six months of the date the claim was presented, the claim is considered denied and the inmate may proceed with a lawsuit. 28 C.F.R. § 543.32(h).

As an inmate, Thompson *may* also be subject to the provisions of the PLRA, 42 U.S.C. §1997e(a), which governs lawsuits filed by inmates "with respect to [their]

prison conditions."[2] That statute states, in pertinent part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are *available* are exhausted." *Id*. (emphasis added). The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004).

## ANALYSIS

### A. Exhaustion

Although Thompson alleges that he submitted complaint forms to the proper officials in a timely fashion, the documents in evidence fail to support his argument. For instance, the complaint he allegedly sent to the Attorney General (with tracking # 7021 2720 0001 8200 6121) arrived at a P.O. Box in Kansas City, MO 64999 on March 6, 2023 (Doc. 39-4, pp. 4-5).[3] BOP's North Central Regional Office is located at 400 State Avenue, Kansas City, Kansas 66101 (Doc. 39-1, p. 5). There is no indication in the record where

---

[2] It is not entirely clear whether the PLRA is applicable to Thompson's tort claim. *See Waugh v. United States*, Case No. 21-cv-812-JPG, 2024 WL 183420 at *3 n.1 (S.D. Ill. Jan. 17, 2024). *See also Gaughan v. U.S. Bureau of Prisons*, Case No. 02 C 0740, 2003 WL 1626674 at *2 (N.D. Ill. Mar. 25, 2003) (exhaustion under the FTCA does not satisfy the exhaustion requirement for claims brought pursuant to 42 U.S.C. § 1997e(a)); *Harris v. Fed. Bureau of Prisons*, Case No. 16-235Erie, 2018 WL 8895810 at *5 n. 6 (W.D. Penn. Aug. 10, 2018) (collecting cases) (noting that the administrative exhaustion requirements under the PLRA and FTCA are separate and distinct).

[3] See USPS Tracking, https://tools.usps.com/go/TrackConfirmAction?tRef=fullpage&tLc=2&text28777=&tLabels=7021272000182006121%2C&tABt=false (lasted visited Feb. 6, 2024).

Thompson's filing was sent nor is there anything in the record to suggest it was received by the BOP. Further, the complaint was submitted after the filing of the Complaint in this case, and exhaustion must occur prior to filing suit. 28 U.S.C. § 2675(a); *Glade ex. rel Lundskow v. United States*, 692 F.3d 718, 723 (7th Cir. 2012) ("the Tort Claims Act requires exhaustion of administrative remedies as a prerequisite to suit").

Thompson identifies two complaints that he allegedly submitted to the Office of the Attorney General prior to filing his Complaint.[4] He alleges that he submitted his first complaint in March 2021 and mailed a second complaint on May 7, 2021. But neither of the tracking numbers provided by Thompson show delivery of the documents. Instead, the tracking numbers indicate that both packages had labels created but were not in the system and the status of the packages was unavailable (Doc. 39-4, pp. 2-3). Thompson's attachment to his response to the United States's Answer suggests that he received a certified mail receipt for the documents' placement in the mail, but there is no indication in the record that the documents were delivered (Doc. 37, p. 8). Nor is there any indication of the destination of those documents because the certified mail receipts lack delivery addresses (*Id.*). Thompson further acknowledged that he attempted to submit the documents to the Office of the Attorney General (*Id.*). In order to exhaust a claim under the FTCA, however, the complaint must be sent to the BOP Regional Office. He also never received confirmation of the receipt of his complaints by the proper authorities.

---

[4] Thompson stated in his Final Amended Complaint that he submitted complaints through the DOJ's emergency complaint system, but he maintains those complaints were only about staff's refusal to wear masks (Doc. 28, p. 1).

Even if accurately submitted, Thompson acknowledged in an earlier pleading that he did not have copies of the complaints to verify the information included in the submissions. (Doc. 21, p. 6). A proper claim for purposes of the FTCA must include: notification of the incident, demand for a sum certain, title or capacity of the person signing, and evidence of the person's authority to represent the claimant. *Chronis*, 932 F.3d at 547. Although administrative complaints by *pro se* litigants are to be construed liberally, they cannot be construed in such a way as to "effectively excus[e] a *pro se* plaintiff from the statutorily mandated exhaustion requirement." *Id*. at 548. As discussed above, Thompson acknowledged in his motion for abeyance (Doc. 22) that his submissions failed to indicate that he was pursuing a claim under the FTCA or specify any compensation requested (Doc. 22, p. 1). Although neglecting to request a number amount is not necessarily fatal to an FTCA claim, the failure to provide enough information can be fatal if it hinders the settlement process. *Chronis*, 932 F.3d at 547 (citing *Kanar*, 118 F.3d at 531; *Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015); *Smoke Shop, LLC*, 761 F.3d at 787). "How can an agency assess whether to make a settlement offer if it isn't aware that a demand is being made, let alone how much is at stake?" *Id*.

Here, the BOP was unable to assess whether to make an offer on Thompson's claim in this case because the complaints were not sent to the right location, did not specifically make clear Thompson was submitting a FTCA claim, and failed to seek any monetary or other relief. In fact, the BOP never received the complaints. Nor is it apparent that the DOJ or Attorney General, who Thompson alleges he sent letters to, received any requests (Docs. 39-1, 39-2). Thus, his 2021 complaints do not serve to exhaust his FTCA claim

because there was never any notice to the BOP that Thompson had a claim and sought compensation. *Chronis*, 932 F.3d at 548 (letter requesting advice on how to file an administrative complaint did not serve to exhaust claimant's FTCA claim because the letter did not indicate claimant was asserting a claim or seeking monetary compensation). *See also Palay v. United States*, 349 F.3d 418, 425-26 (7th Cir. 2003) (*pro se* claimant is "entitled to a generous construction" and all that is required is that the claim provide "sufficient notice to enable the agency to investigate the claim"); *Delgado v. Merit Systems Protection Board*, 880 F.3d 913, 925 (7th Cir. 2018) ("After the claimant provides enough information to put a legally sophisticated reader on notice, it is up to the agency to fill in the gaps, to the extent possible.") (internal citations omitted).

### B. Unavailability of a Remedy

In the alternative, Thompson now argues that he was unaware of the requirements for exhausting his FTCA claim. He argues that he lacked access to any library resources to research exhaustion requirements and his prisoner handbook only referred to the process for seeking formal review of issues related to his confinement within the BOP. *See also* 28 C.F.R. §542.10-.19. According to Thompson, he lacked any knowledge of the FTCA exhaustion requirements, making exhaustion unavailable to him. Under the PLRA, an inmate must exhaust all *available* remedies. The FTCA includes no such provision allowing for remedies to be deemed "unavailable." In fact, the plain language of the FTCA makes presentment to the proper agency mandatory. *See* 28 U.S.C. § 2675(a) ("An action *shall* not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury…unless the claimant *shall* have first

presented the claim to the appropriate Federal agency.") (emphasis added). A number of courts have acknowledged that the requirements for exhaustion under the PLRA and the FTCA are different. *Gaughan v. U.S. Bureau of Prisons*, Case No. 02 C 0740, 2003 WL 1626674 at *2 (N.D. Ill. Mar. 25, 2003) (exhaustion under the FTCA does not satisfy the exhaustion requirement for claims brought pursuant to 42 U.S.C. § 1997e(a)); *Harris v. Fed. Bureau of Prisons*, Case No. 16-235Erie, 2018 WL 8895810 at *5 n. 6 (W.D. Penn. Aug. 10, 2018) (collecting cases) (noting that the administrative exhaustion requirements under the PLRA and FTCA are separate and distinct).

Although the Seventh Circuit has not specifically addressed the issue of the availability of the administrative exhaustion process for an *inmate* plaintiff filing a FTCA claim, the Seventh Circuit has addressed, albeit in *dicta*, the availability of a remedy for a *pro se* claimant who lacked knowledge of the FTCA's presentment requirements. In *Chronis*, the Seventh Circuit acknowledged that a *pro se* plaintiff, or even an experienced litigator, might fail to realize that a certain employee was covered by the FTCA or that presentment of the claim to the proper agency was required prior to filing suit. "But the way to fix [the mistake] is not for the court to read the presentment requirement out of the Federal Tort Claims Act. It is for the plaintiff to exhaust [his] administrative remedy once the error is discovered." *Chronis*, 932 F.3d at 549. If it is within the statute of limitation, the claimant should first pursue an administrative claim and return to court if the claim does not settle. *Id*. If a claimant is outside of the statute of limitations, he "can assert an administrative claim, and if the agency denies it, [he] can sue again and ask the court to equitably toll the statutory clock." *Id*. (citing *United States v. Kwai Fun Wong*, 135

S.Ct. 1625, 1633 (2015); *Ateaga v. United States*, 711 F.3d 828, 833-35 (7th Cir. 2013)).

Thus, Thompson was required to submit an administrative complaint prior to filing suit and failed to do so. Neither his lack of knowledge about the process nor the prison's failure to provide him with instructions on the FTCA requirements excused him from the exhaustion requirements. Although Thompson argues that he has now submitted letters to both the Attorney General and the BOP Director, he failed to do so *prior* to filing suit.[5] The appropriate step now would be for Thompson to properly seek presentment of his claim to the BOP and then re-file his lawsuit.[6]

---

[5] Again, it does not appear those letters were properly directed to and received by the BOP.

[6] But even to the extent that the PLRA's "availability" exception applies to Thompson's claims, there is no evidence to suggest that the FTCA's remedies were unavailable to Thompson. The FTCA requires that a claim be "presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Thompson's Final Amended Complaint alleged that the assault by the BOP officer occurred on January 6, 2021 (Doc. 28, p. 1). On September 12, 2022, Thompson acknowledged in his motion for abeyance that he was now aware of the FTCA presentment requirements and his need to file an administrative remedy (Doc. 22, p. 1). He further documented his attempts to submit letters to the BOP. Thus, Thompson was aware of his need to exhaust his administrative remedies under the FTCA prior to the expiration of the statute of limitations and his need to mail a request to the BOP. There is no evidence to suggest that the process was unavailable to him.

## CONCLUSION

For the reasons stated above, the Court finds that Thompson failed to exhaust his administrative remedies pursuant to the FTCA prior to filing his lawsuit. The United States's motion for summary judgment (Doc. 39) is **GRANTED**, and Thompson's Final Amended Complaint is **DISMISSED without prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly and close this case.

IT IS SO ORDERED.

DATED: February 28, 2024

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**